## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.S., on behalf of her minor child A.B.,<br><br>          Plaintiffs,<br><br>v.<br><br>MATTHEW BROWN, individually and in his official capacity as Principal of East Aurora Middle School<br><br>BRIAN RUSS, individually and in his official capacity as Superintendent of East Aurora Union Free School District,<br><br>          Defendants. | **COMPLAINT**<br>**AND JURY DEMAND**<br><br>Civil Action No.: 25-cv-226 |

Plaintiff J.S. on behalf of her minor child A.B. (hereinafter, collectively referred to as "Plaintiffs"), by their attorneys, Rupp Pfalzgraf LLC, as and for their complaint against the defendants, Matthew Brown, and Brian Russ (hereinafter, collectively referred to as "Defendants"), allege as follows:

### NATURE OF ACTION

1.      This is a civil rights action brought under 42 U.S.C. § 1983 to vindicate A.B.'s rights under the First and Fourteenth Amendments of the United States Constitution.

2.      A.B., a middle school student, was disciplined by East Aurora Middle School for expressing a belief about gender, a topic that inherently is a matter of opinion and recently public debate.

3.      School children do not shed their constitutional rights at school, yet Defendants disciplined A.B. for merely stating his viewpoint.

4.      The Defendants sought to punish A.B. for expressing his viewpoint that there are two genders.

5.      Defendants' disciplinary action against A.B. serves as an unconstitutional restriction on speech and a chilling effect on students' ability to engage in open discourse.

6.      Through this action, Plaintiffs seek: (1) restoration of A.B.'s constitutional rights; (2) expungement of the disciplinary record related to his protected speech; (3) compensatory damages for harm caused by Defendants' actions; and (4) systemic relief to prevent the Defendants from continuing to violate the rights of others.

## <u>CONSTITUTIONAL AND STATUTORY FRAMEWORK</u>

7.      The First Amendment guarantees the right to free speech, including the right of students to express opinions in public schools.

8.      The Supreme Court has long held that public school students retain their constitutional rights while in school.  In *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503 (1969), the Court held that students do not lose their freedom of speech or expression while at school—even on controversial topics.

9.      Mere disagreement with or discomfort about a student's speech is not sufficient justification for disciplinary action.

10.      The actions taken against A.B. are inconsistent with these principles, as his speech neither disrupted school operations nor violated the rights of others, yet he was disciplined for expressing his viewpoint.

11.      In addition, on January 20, 2025, by way of Executive Order ("the EO"), President Trump clarified that "It is the policy of the United States to recognize two sexes, male

and female." The EO further directed the U.S. Department of Education to rescind all guidance documents under Title IX inconsistent with the requirements of the EO.

## PARTIES

12.     Plaintiff, J.S. is the parent of A.B. and reside in East Aurora, New York. Plaintiff J.S. brings this action on behalf of A.B. who is her minor child.

13.     A.B. is an active and engaged student at East Aurora Middle School who enjoys learning and interacting with his peers.

14.     Defendant Matthew Brown is the Principal of East Aurora Middle School for the District. He is sued in his individual and official capacities.

15.     Defendant Brian Russ is the Superintendent of Schools for the District. He is sued in his individual and official capacities.

## JURISDICTION AND VENUE

16.     This action is brought under 42 U.S.C. §§ 1983 and 1988, and under the First Amendment to the United States Constitution.

17.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1983.

18.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Western District of New York because Defendants reside in this district and a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## FACTUAL ALLEGATIONS

19.     On or about November 2024, A.B., a middle school student, expressed his belief that there are only two genders while at school.  His statement was made in the context of longstanding societal perspectives.  At the time, no disciplinary action was taken against A.B., and his statement did not cause a disruption, target any specific individual, or violate any school policies.

20.     A.B.'s statement did not disrupt school activities, nor was it targeted at any specific individual or in any way that could be construed as harassment or bullying.

21.     Nearly four months later, in or about March 2025, Defendants issued a disciplinary notice to suspend A.B. for five days, which cited his prior statement about gender as part of the rationale for his punishment.

22.     The disciplinary notice vaguely accused A.B. of engaging in "violent conduct."  A.B.'s mother challenged the disciplinary notice, and the school subsequently removed the "violent conduct" charge for a period of time.

23.     However, Defendants later reinstated the "violence" charge in a March 10, 2025 notice for a Superintendent's Hearing scheduled for March 12, 2025, despite the absence of any violent behavior by A.B.

24.     The timing and shifting justifications of A.B.'s discipline demonstrate that Defendants' actions were not based on any legitimate school interest; but were instead a deliberate effort to penalize A.B. for his beliefs and opinion.

25.     The Student Code of Conduct provisions under which A.B. was charged prohibit speech that "demeans" or "denigrates" others if it presents a "reasonable foreseeable risk" of disruption.  This vague and broad language invites subjective enforcement and

- 4 -

effectively mandates that students express only facts and opinions that are approved by school officials or not speak at all.

26.     The Defendants' claim that A.B.'s words constituted "violence" was a pretext to justify retaliation against him for expressing a viewpoint that school officials disfavored.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### First Amendment Retaliation Under 42 U.S.C. § 1983
#### Against All Defendants

27.     Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs.

28.     A.B. engaged in constitutionally protected speech by expressing his belief that there are only two genders.

29.     After the EO was issued by President Trump, defendants took adverse action against A.B. by initiating suspension proceedings reinstating unfounded disciplinary charges, and pursuing further punitive measures, thereby deterring him and other students from expressing viewpoints on matters of public concern.

30.     The Defendants waited nearly four months to take any form of disciplinary action A.B, and they did so only after President Trump issued the EO making A.B.s viewpoint the official policy of the United States government including the Department of Education.  This underscores that the Defendants were motivated by a desire to retaliate against A.B.'s viewpoint rather than address any genuine misconduct.

31.     Defendants' conduct created a chilling effect on speech, signaling to all students that they may face severe consequences for expressing opinions that school officials find objectionable.

32.     Defendants' enforcement of the Code of Conduct against A.B. was also unlawful because the provision is overbroad and vague, allowing school officials to selectively punish speech they disfavor.

33.     As a result, the Defendants have violated A.B.'s constitutional rights, and he has suffered academic and other consequences, including legal fees expended in his defense.

## SECOND CAUSE OF ACTION

### Violation of the Equal Protection Clause Under 42 U.S.C. § 1983
### <u>Against All Defendants</u>

34.     Plaintiffs reallege and incorporate by reference all the allegations set forth in the foregoing paragraphs.

35.     The Fourteenth Amendment provides that no state shall deny any person within its jurisdiction equal protection of the laws.

36.     Upon information and belief, Defendants selectively enforced the school's Code of Conduct in a matter that disproportionately targeted A.B.'s speech because of its viewpoint, while allowing other students to express differing viewpoints without consequence.

37.     Other students are permitted to state other viewpoints on how many genders there are without fear of punishment, yet A.B. was disciplined for expressing his viewpoint that there are only two genders.

38.     The Defendants' arbitrary enforcement of its disciplinary policy creates a viewpoint-based double standard, violating the Equal Protection Clause of the Fourteenth Amendment.

39.     Defendants' unequal application of its rules based on viewpoint demonstrates intentional discrimination against A.B. based on his protected speech.

40.     As a result, Defendants have violated A.B.'s right to equal protection of the laws, causing A.B. to be damaged both academically and financially.

## DEMAND FOR JURY TRIAL

41.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

Plaintiffs pray for relief and demand judgment as follows:

1.     That Plaintiffs be awarded compensatory damages against all Defendants in an amount to be determined at trial;

2.     That Plaintiffs be awarded punitive damages against all Defendants in an amount to be determined at trial;

3.     That this Court, pursuant to 42 U.S.C. § 1988 and other applicable law, issue an order awarding Plaintiffs reasonable attorneys' fees, together with the costs of this action against all Defendants;

4.     Require Defendants to expunge any disciplinary record related to A.B.'s protected speech; and

5.    That this Court award such other further relief, together with any other legal or equitable relief, or both, as the Court deems just and proper.

Dated:    March 13, 2025
          Buffalo, New York

RUPP PFALZGRAF LLC
*Attorneys for Plaintiffs*

_____
R. Anthony Rupp III, Esq.
Chad A. Davenport, Esq.
424 Main Street, 1600 Liberty Building
Buffalo, New York  14202
(716) 854-3400
Rupp@RuppPfalzgraf.com
Davenport@RuppPfalzgraf.com